IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-0585-RJC-DCK

| | |
|---|---|
| ANGELIQUE LANDRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>STATE OF NORTH CAROLINA, COUNTY )<br>OF MECKLENBURG, MECKLENBURG )<br>COUNTY SHERIFF'S OFFICE, CHIPP )<br>BAILEY, CITY OF CHARLOTTE, )<br>CHARLOTTE-MECKLENBURG POLICE )<br>DEPARTMENT, RODNEY MONROE, M.L. )<br>RORIE, PRESBYTERIAN HOSPITAL )<br>MATTHEWS, and MICHAEL LEE ROBERTS, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendant State of North Carolina's "Motion to Dismiss" (Document No. 12); the "...Motion To Dismiss By Defendants Mecklenburg County, Mecklenburg County Sheriff's Office, And Daniel Bailey..." (Document No. 24); and "Defendant Presbyterian Hospital Matthews' Motion To Dismiss Plaintiff's Complaint" (Document No. 26). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions to dismiss be granted.

## I. BACKGROUND

*Pro se* Plaintiff Angelique Landry ("Plaintiff") filed her "Complaint" (Document No. 1) in this action on November 16, 2010. Plaintiff's Complaint seeks damages, along with declaratory and injunctive relief. (Document No. 1, p.1). Plaintiff's claims include: (1) conspiracy to violate rights;

(2) deprivation of rights under color of law; (3) deprivation of relief benefits; (4) peonage and obstructing enforcement; (5) detainee treatment; (6) civil rights violations; (7) assault and battery; and (8) continuing legal malpractice.  Id.  Specifically, Plaintiff requests relief in the form of "1 million dollars per Defendant in compensatory damages and 1 million dollars per Defendant in punitive damages" and "declaratory relief that all orders and judgments are void and are vacated due to lack of jurisdiction, extrinsic fraud, fraud upon the court and want of due process."  (Document No. 1, pp. 16-17).

Defendant North Carolina ("Defendant NC") filed its "Motion To Dismiss" (Document No. 12) on December 22, 2010, to which Plaintiff filed a response (Document No. 31) on January 25, 2011.  Defendant NC has not filed a reply brief, and the time to do so has lapsed.[1]

Defendants Mecklenburg County, Mecklenburg County Sheriff's Office, and Daniel Bailey ("Mecklenburg Defendants") filed a motion to dismiss (Document No. 24) on January 13, 2011, to which Plaintiff filed a response (Document No. 30) on January 25, 2011.  The Mecklenburg Defendants filed notice pursuant to Local Rule 7.1 that they would not file a reply brief.  (Document No. 33).

Defendant Presbyterian Hospital Matthews ("Defendant Presbyterian") filed its motion to dismiss (Document No. 26) on January 18, 2011, to which Plaintiff filed a response (Document No. 38) on February 25, 2011.  Defendant Presbyterian also filed timely notice that they would not be filing a reply brief.  (Document No. 43).

Defendants' motions seek dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

---

[1] "The filing of a reply brief is not mandatory. . . .  If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice."  Local Rule 7.1(E).

2

Immediate review of the pending motions, and a recommendation for disposition to the presiding district judge, the Honorable Robert J. Conrad, Jr., is now appropriate.

## II.  STANDARD OF REVIEW

The Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id., see also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570;  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The factual allegations in the Complaint describe events occurring on or about October 17-20, 2010, that form the basis for Plaintiff's lawsuit. Plaintiff first contends that her car was being towed away by Michael Lee Roberts, working for SL Recovery, at around 6:00 a.m. on October 17, 2010. (Document No. 1, p.4). Purportedly, Plaintiff made an anonymous call to the Charlotte-Mecklenburg Police Department for assistance regarding the towing. Id. At some point thereafter, "two unidentified males" dressed like police officers, pulled Plaintiff from the tow truck, threw her down on the asphalt and handcuffed her. Id. During this incident, Plaintiff complained of chest pains, and the unidentified males called an ambulance. (Document No. 1, p.5). Plaintiff later identified police officer M.L. Rorie as the person who called the ambulance. (Document No. 1, p.6). Plaintiff was taken to Matthews Presbyterian Hospital, where she contends the medical staff

4

improperly read her medical information and gave her a physical exam in front of one or more police officers. (Document No. 1, p.8).

After Plaintiff was discharged from the hospital, she was taken to the Mecklenburg County Jail and purportedly placed on suicide watch. (Document No. 1, p.9). Plaintiff alleges, *inter alia*, that she was held for three days without being allowed to use a phone or bathe, and was deprived of meals, water, bedding and pads for menstruation. Id. Plaintiff also alleges that she had been improperly subjected to a "Gate Keeping Administrative Order" by Judge Lisa Bell.

**A. Defendant NC's Motion To Dismiss**

Defendant NC first argues that "[n]one of Plaintiff's specific allegations indicate actions by state agencies or employees of the State of North Carolina in an individual or official capacity." (Document No. 13, p.2). Defendant NC asserts that the State of North Carolina is protected from claims for monetary damages by the Eleventh Amendment. "Absent waiver or consent, the Eleventh Amendment bars suits directly against a state. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (holding 'that in the absence of consent, a suit in which the State ... is named as a defendant is proscribed by the Eleventh Amendment')." Andrews v. Daw, 117 F.3d 1413 (4th Cir. 1997).

Next, Defendant NC's motion to dismiss argues that Plaintiff lacks standing to assert any claims against it. (Document No. 13, pp.2-4). Defendant NC contends that none of the acts Plaintiff alleges were committed against her involved individuals employed by, or working under the direction of the State of North Carolina. Id. In addition, Defendant NC argues that Plaintiff's claim of a conspiracy by the Defendants to violate her constitutional rights is not supported by specific factual allegations.

Plaintiff filed a lengthy and rambling response (Document No. 31-2), which appears to

5

address several issues unrelated to Plaintiff's Complaint or the motion to dismiss, but fails to effectively address Defendant NC's motion. The issues discussed by the response include allegations regarding: Plaintiff's Live Scribe Pulse Smartpen, an alleged false arrest in or about March 2010, and orders issued by Judge Lisa C. Bell and/or Judge Thomas F. Moore, Jr. of the Mecklenburg County District Court, in or about February - May 2010. (Document No. 31-2). Much of the response also suggests violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. Id. Plaintiff alleges in part that "Defendants Violated and Continue to Violate the ADA by Failing to Communicate with plaintiff during her court appearances and false arrests, and by stealing plaintiff's pen and refusing to Provide Auxiliary Aids for future court appearances onto Plaintiff." (Document No. 31-2, p.16). The undersigned notes that Plaintiff's Complaint does not assert a claim for discrimination based on a disability, or allege any facts related to disability.

Plaintiff's response fails to articulate any coherent or persuasive argument for why the State of North Carolina should not be dismissed; moreover, the Complaint fails to assert sufficient factual content to state a plausible claim against Defendant NC. (Document No. 31-2). The undersigned will recommend that the Defendant NC's motion to dismiss be granted.

**B. Mecklenburg Defendants' Motion To Dismiss**

Viewed in the light most favorable to Plaintiff, ¶¶ 65-77 of the Complaint assert factual allegations which may arguably implicate some of the Mecklenburg Defendants. As noted above, Plaintiff complains that she was placed on suicide watch and mistreated while being held in the Mecklenburg County Jail. (Document No. 1, pp.9-10). Plaintiff also seems to complain that the Mecklenburg County Sheriff's Office, in cooperation with Judge Lisa Bell, improperly restricted Plaintiff's access to the Mecklenburg County Courthouse. Id.

    **1. County of Mecklenburg**

The Mecklenburg Defendants' motion to dismiss first argues that Mecklenburg County should be dismissed from this lawsuit because it is not liable for actions of the Sheriff or his employees. (Document No. 24, p.4). Plaintiff's Complaint, at most, attempts to attach responsibility to Mecklenburg County related to her detention in the Mecklenburg County Jail and related to her allegedly restricted access to the Mecklenburg County Courthouse by the Sheriff and/or his employees. (Document No. 1, pp.9-10). The Mecklenburg Defendants contend that Sheriff's Office employees "are not County employees, but rather are employed directly by the Sheriff" and "Mecklenburg County cannot be held liable under state or federal law for their alleged misconduct." (Document No. 24, p.4)(citing Little v. Smith, 114 F.Supp.2d 437, 446 (W.D.N.C. 2000); N.C.G.S. § 153A-103(1); and Clark v. Burke County, 117 N.C.App. 85, 89 (1994)). The applicable analysis from the Little case provides:

> In North Carolina, the Office of Sheriff is a legal entity, established by the state constitution and state statutes, separate and distinct from the Board of County Commissioners because a sheriff is elected by the people, not employed by the county. See N.C.Gen.Stat. § 162-1 (2000). The sheriff, not the county, has final policymaking authority over the personnel decisions in his office. Clark v. Burke County, 117 N.C.App. 85, 89, 450 S.E.2d 747, 749 (1994) ("any injury resulting from [the deputy sheriff's] actions in this case cannot result in liability for Burke County and summary judgment is therefore affirmed for Burke County"). N.C.Gen.Stat. § 153A-103 provides that each elected sheriff "has the exclusive right to hire, discharge, and supervise the employees in his office." This authority may not be delegated to another person or entity. N.C.Gen.Stat. § 162-24 (2000).

Little, 114 F.Supp.2d at 446; see also, Breen v. Mecklenburg County, 2006 WL 2830956 at *3 (W.D.N.C. 2006) ("a county cannot be held liable for constitutional or other civil wrongs committed by a sheriff or his employees). "Furthermore, the sheriff has the sole statutory responsibility for the care and custody of the inmates at the county jail." Vaught v. Ingram, 2011 WL 761482 at *4

7

(E.D.N.C. Feb. 24, 2011) (citing N.C. Gen.Stat. § 162-22). "This authority may not be delegated to another person or entity." Id. (citing N.C.Gen.Stat. § 162-24).

The Mecklenburg Defendants conclude that Defendant County of Mecklenburg, having no liability for the alleged misconduct of the Sheriff or his deputies, is therefore entitled to dismissal. The undersigned agrees. Plaintiff's response to the Mecklenburg Defendants concludes that the motion should be denied, but fails to address the argument or authority presented by the Defendants in support of their motion. (Document No. 30-2). The undersigned will recommend that the claims against the County of Mecklenburg be dismissed.

**2. Mecklenburg County Sheriff's Office**

Next, the Mecklenburg Defendants argue that the Sheriff's Office is not an entity capable of being sued and therefore must also be dismissed. (Document No. 24, pp.4-5).

The district court in Hughes v. Bedsole, 913 F.Supp. 420, 426 (E.D.N.C.1994), held that the "Cumberland County Sheriff's Department" is not a legal entity under Section 1983 capable of being sued. Id. The reported federal case law in North Carolina is consistent with Hughes. See Parker v. Bladen County, 583 F.Supp.2d 736, 740 (E.D.N.C.2008); see also, Buchanan v. Swain County, 2010 WL 3212026 at *5 (W.D.N.C. Aug. 12, 2010) ("County cannot be held liable for the deputy sheriffs' actions"); North Carolina v. Sellers, 2006 WL 1801236 at *2 (W.D.N.C. June 27, 2006) ("As a matter of law then, Graham County has no § 1983 liability for the actions alleged by Plaintiff.")

Directly addressing the ability of sheriff's departments to sue and be sued, the logic of the Honorable James C. Dever III, United States District Judge, in Parker, is compelling:

> Defendants also seek to dismiss the claims against the Bladen County Sheriff's Department, and plaintiff does not appear to contest dismissal as to this defendant. "State law dictates whether a [state]

8

> governmental agency has the capacity to be sued in federal court." Efird v. Riley, 342 F.Supp.2d 413, 419-20 (M.D.N.C.2004) ( citing Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir.1981)). For example, N.C. Gen.Stat. § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department. Accordingly, the Bladen County Sheriff's Department lacks legal capacity to be sued. See Efird, 342 F.Supp.2d at 420 (dismissing claims against county sheriff's department for lack of capacity); see also Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir.2005) (dismissing claims against city police department for lack of capacity). Defendants' motion to dismiss all claims against the Bladen County Sheriff's Department is granted

Parker, 583 F.Supp.2d at 740.

The undersigned finds that the overwhelming case law in the federal courts in North Carolina concludes that North Carolina sheriff's departments are not legal entities under North Carolina law capable of being sued. Plaintiff's response again requests that the motion to dismiss be denied, but fails to raise any persuasive argument or authority showing that the Sheriff's Office is a proper defendant. (Document No. 30-2). Based on the foregoing, the undersigned will respectfully recommend that Plaintiff's claims against the Mecklenburg County Sheriff's Office be dismissed, as such a defendant is not an entity capable of being sued.

### 3. Sheriff Daniel Bailey

The Mecklenburg Defendants also seek dismissal of the claims against Sheriff Daniel Bailey ("Bailey") (referred to as Chipp Bailey in the Complaint). Construed in the most favorable light, Plaintiff's Complaint names Bailey as a Defendant in both his official and individual capacities. (Document No. 1).

> A plaintiff bringing an individual capacity claim, proceeds against an individual in order "to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105 (1985) (citation

9

omitted).  An official capacity claim, on the other hand, is a claim against a government entity of which an officer is an agent.  Id. (citing Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690, n.55 (1978)).

Cranford v. Frick, 2007 WL 676687 at *3 (M.D.N.C. Feb. 28, 2007).

### a. Claim I - 42 U.S.C. § 1983

Plaintiff's first claim alleges that "Defendants are acting in continuing agreement, combination, and conspiracy to violate my clearly established rights as guaranteed and protected by the U.S. Constitution."  (Document No. 1, p.11).

#### (1) Official Capacity

The Mecklenburg Defendants first argue that the Complaint fails to make any allegations that the policies and customs of the Sheriff's Department inflicted injury on the Plaintiff, and therefore fails to state a claim against Bailey in his official capacity.  (Document No. 24, p.5) (citing Monell v. Department of Social Services, 436 U.S. 658, 690-1 (1978); Board of Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997); Pembaur v. City of Cincinnati, 475 U.S. 469, 479-81, (1986)).

The undersigned also notes the following pertinent holding:

> Under North Carolina law, "[t]he doctrine of sovereign immunity bars actions against public officials sued in their official capacities." Sheriffs and deputy sheriffs are considered public officials for purposes of sovereign immunity. Accordingly, "[a] Plaintiff bringing claims against a governmental entity and its employees acting in their official capacities must allege and prove that the officials have waived their sovereign immunity or otherwise consented to suit; by failing to do so, the Plaintiff fails to state a cognizable claim against either the official or the governmental entity."

Robinson v. Bladen County Sheriff Dept., 2010 WL 4054389 at *4 (E.D.N.C. Oct. 14, 2010) (citations omitted).

10

Plaintiff here has made no allegations that she has sustained any injuries as the result of the execution of a policy or custom, or that Sheriff Bailey has waived his sovereign immunity. Where the alleged constitutional deprivation is not an official act of the municipal employer, the only recovery lies against the officer is in his or her individual capacity. Hughes v. Blankenship, 672 F.2d 403, 405-06 (4th Cir. 1982); Burt v. Abel, 585 F.2d 613, 617 n.9 (4th Cir. 1978).

As Plaintiff has failed to identify any municipal policy or custom that caused her injury, any claims against Bailey in his official capacity fail. Board of Commissioners of Bryan, 520 U.S. at 403; Pembaur, 475 U.S. at 479-81. The undersigned will recommend that claims against Bailey in his official capacity be dismissed.

### (2) Individual Capacity

Liberally construing the *pro se* Plaintiff's Complaint, it also alleges that Bailey is individually liable for violation of Plaintiff's rights under § 1983. However, the undersigned notes that neither the Complaint nor the response in opposition to the motion to dismiss contain any specific allegations against Bailey. (Document Nos. 1; 30-2).

> In order to establish personal liability in a § 1983 action against a supervisor, "the plaintiff must show that the official, acting under color of state law, caused the deprivation of a federal right." Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir.1987) (citation omitted). The general test used to establish this consists of three different elements:
>
>> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Cranford, 2007 WL 676687 at *5 (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.1994)). Here, Plaintiff has not alleged any facts that would support these elements in her claim against Sheriff Bailey.

Moreover, the Mecklenburg Defendants argue that Plaintiff's conspiracy claim fails because it only makes conclusory allegations, and lacks any facts about how Defendants allegedly conspired to violate her rights, or what overt acts were taken in furtherance of the conspiracy. (Document No. 24, p.6). The Mecklenburg Defendants also argue that the conspiracy claim fails because there is no underlying constitutional misconduct – neither being placed on suicide watch nor an alleged gate keeping order limiting access to the courthouse – violated Plaintiff's constitutional rights. Id. The undersigned agrees.

To the extent Plaintiff's claims against Bailey, or any of the Defendants, seeks relief from a "Gate Keeping Administrative Order" by Judge Lisa Bell, or relief from any other orders of the Mecklenburg County District Court, such relief must be denied. See (Document No. 24-1).

> "The Rooker-Feldman doctrine ... prohibits 'lower federal courts ... from exercising appellate jurisdiction over final state-court judgments.'" Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir.2006) (quoting Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (*per curiam*)). . . . adjudication of these claims would amount to a review of a state court judgment, which the Court is prohibited from doing under the Rooker-Feldman doctrine. Accordingly, the Court lacks subject-matter jurisdiction over these claims and dismissal is appropriate. Adkins, 464 F.3d at 463

Jones v. Saxon Mortg. Services, Inc., 2010 WL 2629782 at *4 (W.D.N.C. June 28, 2010). The undersigned notes that Plaintiff's first request for relief asks the Court to "issue declaratory relief that all orders and judgments are void and are vacated due to lack of jurisdiction, extrinsic fraud, fraud upon the court and want of due process...." (Document No. 1, p.16).

The undersigned will recommend that Plaintiff's § 1983 claims against Bailey be dismissed.

### b.  Claims II - IV  - 18 U.S.C. §§ 242, 246, and 1581

Next, the Mecklenburg Defendants contend that Plaintiff's second, third, and fourth claims for relief are barred because criminal statutes do no create a private cause of action. (Document No. 24, p.10).  Defendants cite ample authority for their position, and Plaintiff has failed to provide any argument or authority rebutting their contention that these claims brought under criminal statutes must be dismissed.  (Document No. 30-2). The undersigned will also recommend that these claims be dismissed.

### c.  Claim V  -  42 U.S.C. § 2000dd

The statute in question clearly applies to individuals in the custody or under the physical control of the United States Government.  Defendants' motion to dismiss argues that 42 U.S.C. § 2000dd "does not create a private cause of action," and moreover, that it is inapplicable since "Plaintiff was never in the custody or control of the United States Government." (Document No. 24, p.11).  In short, Defendants contend that Plaintiff's fifth claim is without merit and must be dismissed.  The undersigned agrees.

### d.  Claim VI  -  42 U.S.C. § 2000d et seq.

The statute Plaintiff relies on for her sixth claim provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  Defendants argue that this statute is also inapplicable to the allegations of this case. (Document No. 24, p.11). Defendants contend that this statute is "intended to apply to 'programs and activities involving three parties: a federal agency, a state or local intermediary administering the program, and an ultimate beneficiary.'" Id. (quoting

13

Soberal-Perez v. Heckler, 717 F.2d 36, 39 (2d Cir. 1983)). The undersigned agrees that Plaintiff has failed to make any allegations that would support a claim under this statute.

### e. Claim VII - Assault and Battery

Plaintiff's seventh claim alleges that all Defendants who participated in her "kidnapping" are guilty of assault and battery. (Document No. 1, p.15). The Mecklenburg Defendants contend that there are no allegations that Bailey participated in the events leading up to Plaintiff's arrest. (Document No. 24, p.12). The Mecklenburg Defendants further contend that even if it were alleged that Sheriff Bailey participated in the "kidnapping," the Complaint fails because there is no allegation Bailey waived his entitlement to sovereign immunity. Id. (citing Whitaker v. Clark, 109 N.C.App. 379, 384 (1993) (Plaintiff fails to state a claim against a governmental employee in their official capacity where they fail to allege a waiver of sovereign immunity by purchase of insurance)). Plaintiff has also failed to adequately allege Bailey's individual liability pursuant to the standard set forth above.

In addition, the Mecklenburg Defendants also argue that the criminal charges arising from Plaintiff's alleged kidnapping are still pending in state court, and therefore this Court should dismiss this case based on the Younger abstention doctrine. Id. (citing Younger v. Harris, 401 U.S. 37, 41 (1971)).

Plaintiff has again failed to make any specific response to the Mecklenburg Defendants' arguments, and offers no persuasive authority rebutting Defendants' position. The undersigned also notes that even favorably construed, the allegations related to the Mecklenburg Defendants do not appear to support a plausible claim for assault and battery.

### f. Claim VII - Continuing Legal Malpractice

Plaintiff's final claim alleges legal malpractice against all Defendants. The Mecklenburg

14

Defendants' motion to dismiss argues that this claim should be dismissed because there are no allegations that any of the Defendants have ever legally represented Plaintiff. (Document No. 24, p.12) (citing Rorrer v. Cooke, 313 N.C. 338, 355 (1985).

The undersigned finds that Plaintiff's claim for legal malpractice is without merit and should be dismissed.

## C. Defendant Presbyterian's Motion To Dismiss

Defendant Presbyterian Hospital Matthews also seeks dismissal of this lawsuit. Defendant Presbyterian contends that Plaintiff's Complaint alleged violations under the Health Insurance Portability and Accounting Act ("HIPAA"), but that HIPAA does not provide for an individual right of action. (Document No. 26, p.1).

Plaintiff's allegations against Defendant Presbyterian are brief and somewhat vague, but liberally construed, assert that her right to privacy under HIPAA was violated by the "reading off my medical information to police officers" and giving her a physical exam in front of Officer M.L. Rorie. (Document No. 1, ¶¶ 54-63). None of Plaintiff's specific claims, or her request for relief, seem to take into account any action against Defendant Presbyterian. (Document No. 1). At most, Plaintiff's allegations against Presbyterian fall under Claim I; however, Plaintiff has failed to assert any factual allegations that Defendant Presbyterian participated in a conspiracy to violate any of Plaintiff's Constitutional rights.

Defendant Presbyterian cites ample authority supporting its contention that HIPPA does not provide for a private cause of action against an entity alleged to have disclosed a patient's confidential health information. (Document No. 27, p.3) (citing, *inter alia*, Ianucci v. Mission Hospital, 2008 WL 5220641 at *3 (W.D.N.C. 2008)). This Court specifically held in Ianucci that:

> There is no private cause of action under HIPAA. The United States

15

> Department of Health and Human Services ("DHHS") stated in its Final Rule for Standards for Privacy of Individually Identifiable Health Information that "[u]nder HIPAA, individuals do not have a right to court action." 65 Fed.Reg. 82601 (Dec. 28, 2000)(to be codified at 45 CFR Parts 160 and 164). No federal court has held that a private right of action exists under HIPAA. Acara v. Banks, 470 F.3d 569, 571 (5th Cir.2006)(Congress did not intend for a private right of action under HIPAA); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1080 (9th Cir.2007) (noting that HIPAA provides for no private right of action); Werdehausen v. Benicorp Insurance Company, 487 F.3d 660, 668 (8th Cir.2007)(no private right of action); Agee v. United States of America, 72 Fed. Cl. 284 (Fed.Ct.Claims. 2006)( holding that HIPAA does not provide for a private cause of action and citing cases). Since there is no private right of action under HIPAA, the undersigned must recommend that this claim be dismissed with prejudice under Rule 12(b)(6).

Ianucci, 2008 WL 5220641 at *3.

Plaintiff's response to this motion to dismiss argues that her action against Defendant Presbyterian was "brought pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-89." (Document No. 38). The undersigned respectfully notes that none of the claims or allegations against any Defendants in the underlying Complaint mentions the ADA, or cites any facts that could plausibly support a claim of discrimination. Review of Plaintiff's response suggests that she has completely abandoned any allegations related to HIPAA. (Document No. 38).

Under the circumstances, the undersigned finds that Defendant Presbyterian's motion to dismiss is appropriate and should be granted.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant State of North Carolina's "Motion to Dismiss" (Document No. 12) be **GRANTED**; the "...Motion To Dismiss By Defendants Mecklenburg County, Mecklenburg County Sheriff's Office, And Daniel Bailey..." (Document No. 24) be **GRANTED**; and that "Defendant Presbyterian

16

Hospital Matthews' Motion To Dismiss Plaintiff's Complaint" (Document No. 26) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants, the *pro se* Defendant, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: March 11, 2011

David C. Keesler
United States Magistrate Judge