UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-585-RJC-DCK

| | |
|---|---|
| ANGELIQUE LANDRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| STATE OF NORTH CAROLINA, COUNTY OF MECKLENBURG, MECKLENBURG COUNTY SHERIFF'S OFFICE, CHIPP BAILEY, CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, RODNEY MONROE, M.L. RORIE, PRESBYTERIAN HOSPITAL MATTHEWS, and MICHAEL LEE ROBERTS, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

## I.   INTRODUCTION

Plaintiff filed her Complaint in this action on November 16, 2010.  (Doc. No. 1). Defendants filed motions to dismiss.  (Doc. Nos. 12, 24, 26), and Plaintiff responded to these motions.  (Doc. Nos. 31, 30, 38).  By Memorandum & Recommendation ("M&R), the Magistrate Judge recommended that all motions to dismiss be granted. (Doc. No. 44).  The plaintiff filed timely objections (Doc. No. 47), which are now before the court.

After *de novo* review of the defendants all relevant pleadings, and taking all well-pleaded allegations as true and in a light most favorable to the plaintiff, the Court **GRANTS** all motions to dismiss for the reasons stated herein.

## II.   STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, the Court has reviewed the Magistrate Judge's M&R and the record accordingly.

## III.  FACTUAL BACKGROUND

Plaintiff does not specifically object to the findings of fact as set forth in the M&R; this Court therefore adopts the facts as set forth in the M&R for purposes of resolving these motions.

## IV.  ANALYSIS

The plaintiff's objections involve a lengthy discussion of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. (Doc. No. 47). However, the ADA has no applicability here as the Complaint does not involve a claim for discrimination based on a disability, or allege any facts related to disability. (See Doc. No. 44). Plaintiff's objections are therefore insufficient to persuade the Court that defendants' motions should not be granted, as discussed below.

### A.  Defendant NC

The M&R concluded that Defendant North Carolina's Motion to Dismiss should be granted, as Plaintiff fails to provide factual content sufficient to support a plausible claim against this defendant. Plaintiff alleges that she was mistreated during her arrest and subsequent detention by members of the Charlotte-Mecklenburg Police Department (CMPD) and the Mecklenburg County Sheriff's Office. Defendant NC correctly contends that none of these allegations implicate state agencies or employees of the State of North Carolina in an individual or official capacity, (Doc. No. 13, at 2), and it is well established that "an unconsenting State is immune from suit brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Mo. Pub. Health & Welfare Dep't, 411 U.S. 279, 280 (1973)); see also Coleman v. Md. Ct. App., 626 F. 3d 187 (4th Cir. 2010) ("The Eleventh Amendment bars suit in federal court against an unconsenting state and any governmental units that are arms of the state unless Congress has abrogated the immunity.").[1] Therefore, the Magistrate Judge correctly found that Defendant NC's Motion to Dismiss should be granted.

**B.     Mecklenburg Defendants**

The M&R concluded that the Mecklenburg Defendants' Joint Motion to Dismiss should be granted, each of which will be discussed below.

   1.     Defendant Mecklenburg County

Plaintiff attempts to attach responsibility to Defendant Mecklenburg County through actions of the Sheriff's Office and its employees. (Doc. No. 1, at 9-10). Defendant

---

[1] Plaintiff cites United States v. Georgia, 546 U.S. 151 (2006) in her objections to the M&R. However, that case involves allegations of mistreatment in a state prison and the abrogation of sovereign immunity under Title II of the ADA, which is inconsistent with the facts of the case presently before the court.

Mecklenburg County correctly asserts that it cannot be held liable for the actions of the sheriff or his employees. (Doc. No. 24, at 4). See Little v. Smith, 114 F. Supp.2d 437, 446 (W.D.N.C. 2000) ("A county may only be held liable for acts which the county has final policymaking authority. . . . The sheriff, not the county, has final policymaking authority over the personnel decisions in his office."). Additionally, "the sheriff has the sole statutory responsibility for the care and custody of the inmates at the county jail." Vaught v. Ingram, 2011 WL 761482 at *4 (E.D.N.C. Feb. 24, 2011) (citing N.C. Gen. Stat. § 162-22). There are no other facts alleged in the Complaint that could possibly implicate Defendant Mecklenburg County, and Plaintiff's objections to this dismissal are without merit. Accordingly, all claims against Defendant Mecklenburg County are dismissed.

2. Mecklenburg County Sheriff's Office

The M&R concluded that Defendant Mecklenburg County Sheriff's Office is not a legal entity capable of being sued. See (Doc. No. 24 at.4-5); see also Efird v. Riley, 342 F.Supp.2d 413, 419-20 (M.D.N.C. 2004) (citing Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir. 1981)) ("State law dictates whether a governmental agency has the capacity to be sued in federal court"). There is no statute in North Carolina that authorizes suit against a county's sheriff's department. Parker v. Bladen County, 583 F.Supp.2d 736 (E.D.N.C. 2008) (North Carolina statute establishes that "a county is a legal entity which may be sued," but "there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department"). Plaintiff fails to contradict the case law in the federal courts in North Carolina or present any authority indicating that the Mecklenburg County Sheriff's Office is an entity with the capacity to be sued. Therefore, this court adopts the recommendation of the Magistrate Judge, and all claims against Defendant Mecklenburg County Sheriff's Office will be dismissed.

3. Sheriff Daniel Bailey

Construing the Complaint liberally, the Magistrate Judge evaluated Plaintiff's § 1983 claims against Sheriff Bailey in both his official and individual capacities and recommended that all claims be dismissed for failing to state a claim against Bailey in his official and individual capacities and for being barred by the doctrine of sovereign immunity. See (Doc. No. 44 at 9-13). Plaintiff's only objections to a dismissal involve further discussion of the ADA. Therefore, all claims against Defendant Bailey are dismissed.

None of Plaintiff's remaining allegations presents claims against the Mecklenburg Defendants for which relief can be granted. Plaintiff does not allege facts sufficient to support a claim of assault and battery against any of the Mecklenburg Defendants and Plaintiff's claim for continuing legal malpractice is wholly without merit. Further, Plaintiff's claims brought under various criminal statutes, 42 U.S.C. § 2000dd, and 42 U.S.C. § 2000d, do not provide a private right of recovery. This Court also lacks the ability to adjudicate any of Plaintiff's claims against any defendants related to orders from the Mecklenburg County District Court.[2] See Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) ("[A]djudication of these claims would amount to a review of a state court judgment, which the Court is prohibited from doing under the Rocker-Feldman doctrine). In short, Plaintiff fails to make any objections which contradict the conclusions of the M&R with respect to the Mecklenburg Defendants' Joint Motion to Dismiss. Therefore, the Court adopts the reasoning and conclusions in the M&R that Mecklenburg Defendants' Joint Motion to Dismiss should be granted.

---

[2] Plaintiff seems to allege that the Mecklenburg County Sheriff's Office, in cooperation with a Mecklenburg County District Court Judge, has restricted Plaintiff's access to the Mecklenburg County Courthouse in violation of her rights.

### C. Defendant Presbyterian Hospital Matthews

The Magistrate Judge concluded that Plaintiff has failed to assert any factual allegations that Defendant Presbyterian Hospital Matthews participated in a conspiracy to violate any of Plaintiff's Constitutional rights, noting that the Health Insurance Portability and Accounting Act (HIPAA), does not provide for a private cause of action in this case. See (Doc. No. 44 at 15). Plaintiff fails to make any meaningful objection to the dismissal of this claim but only reasserts that the claim is made pursuant to Title III of the ADA. (See Doc. No. 47). Because the Complaint does not allege a violation of the ADA or present any facts that support a claim of discrimination, the Court will adopt the findings in the M&R with regard to Defendant Presbyterian's Motion to Dismiss.

### V. CONCLUSION

Having reviewed Defendants' Motions to Dismiss (Doc. Nos. 12, 24, 26), Plaintiff's objections, and viewing all well-pleaded allegations in the light most favorable to the Plaintiff, the Court concludes that all claims for relief against these defendants must be dismissed.

**IT IS, THEREFORE, ORDERED that:**

1. State of North Carolina's Motion to Dismiss (Doc. No. 12) is **GRANTED**;

2. Mecklenburg County, Mecklenburg County Sheriff's Office, and Daniel Bailey's Joint Motion to Dismiss (Doc. No. 24) is **GRANTED**; and

3. Presbyterian Hospital Matthews' Motion to Dismiss (Doc. No. 26) is **GRANTED**.

Signed: August 22, 2011

Robert J. Conrad, Jr.
Chief United States District Judge